UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| MELVIN TERREL NETHERY, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:24-cv-00058-GFVT-EBA |
| V. | ) ) | **MEMORANDUM OPINION** |
| H. TROY ETHINGTON, *et al.*, | ) ) ) | **&** **ORDER** |
| Defendants. | ) ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court on Attorney General Russell Coleman's Motion to Dismiss.  [R. 8]  The Plaintiffs allege that Attorney General Coleman violated several of their constitutional rights by enforcing a code provision that prevented the Plaintiffs from completing their home renovations.  [R. 1-1 at 9-12.]   Attorney General Coleman moves to dismiss, arguing that the Plaintiffs lack standing, and that they have failed to state a claim against him.  [R. 8.] Because the Plaintiffs fail to establish the elements of standing, Attorney General Coleman's Motion to Dismiss **[R. 8]** is **GRANTED**.

**I**

This matter stems from the issuance of a "Stop Work Order" by the Defendants, which prevented the Plaintiffs from completing renovations and repairs to their property.  [R. 1-1 at 7.] The Plaintiffs were told by the Defendants that they violated Chapter 72 of the City of Shelbyville's Code of Ordinance, which governs historic districts and landmarks.  The Plaintiffs

argue that Chapter 72 violates both the Kentucky Constitution and the United States Constitution.

Although mentioned in the case caption, Attorney General Coleman is not mentioned in the body of the Complaint. As support for his Motion to Dismiss, Attorney General Coleman asserts that "[t]he complaint does not state any claim against the Attorney General and appears to have named him only to provide him with notice." *Id.* at 8. The Kentucky Revised Statute Section 418.075 requires "[in] any proceeding which involves the validity of a statute, the Attorney General of the state shall, before judgment is entered, be served with a copy of the petition." Attorney General Coleman argues that Ky. Rev. Stat. Ann. § 418.075 "does not mean the Attorney General should be named as a Defendant, and, here, notice is not even necessary because the Plaintiffs are challenging local ordinances, not statutes." *Id.*

## II

The first issue to resolve is standing. Article III of the United States Constitution limits federal courts to hearing "Cases" and "Controversies." U.S. Const. art. III, § 2. Under the case and controversy requirement, a federal court lacks subject matter jurisdiction over a claim unless the plaintiff has standing to assert it. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Standing must be independently established as to each claim and defendant. *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1031 (6th Cir. 2022). To have standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial opinion." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Each of these elements must be satisfied for jurisdiction to exist because each represents "an 'irreducible constitutional minimum.'" *Turaani v. Wray*, 988 F.3d 313, 316 (6th Cir. 2021) (quoting *Lujan*, 504 U.S. at

560). Defendant Coleman takes issue with the last two factors—traceability and redressability. [R. 8 at 9.]

The traceability element "looks to whether the defendant's actions have a 'causal connection' to the plaintiff's injury." *Turaani,* 988 F.3d at 316 (quoting *Lujan*, 504 U.S. at 560). This element is frequently at issue when a plaintiff challenges a law by suing an official who may or may not have the authority to enforce it. 13A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 3531.5 (3d ed. 2023). Indirect harms, meaning those resulting from the actions of a third party, cannot establish causation for standing. *Turaani*, 988 F.3d at 316 (citing *Warth v. Seldin*, 422 U.S. 490, 505 (1975) and *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 42 (1976)). The redressability element focuses on whether "the Court's remedial powers would redress the claimed injuries." *Duke Power Co. v. Carolina Env't Study Grp., Inc.*, 438 U.S. 59, 74 (1978). If there is "no realistic remedy available, there is no point in deciding the merits." *Young v. Klutznick*, 652 F.2d 617, 625 n.8 (6th Cir. 1981).

The Defendant argues that the Plaintiffs' alleged injury is "not attributable to any action taken or threatened by the Attorney General." [R. 8 at 9.] In the Complaint, the Plaintiffs assert their purported injury stems from the "Stop Work Order" issued by the Defendants and the economic losses resulting from the inability to complete repairs on their property. [R. 1-1 at 13.] However, as the Defendant points out, the Attorney General has no role in enacting the local ordinances, issuing the order, or enforcing the code. [R. 8 at 9.] The Plaintiffs did not file a response to Attorney General Coleman's Motion to Dismiss, and the Court cannot conceive of a situation in which Attorney General Coleman would be responsible in any capacity for the issuance or enforcement of a local ordinance. Further, any relief this Court may provide against the Attorney General would not resolve the Plaintiffs' injury because the requested relief can be

addressed only by the local entities responsible for issuing and enforcing the ordinance. Thus, the Attorney General is not a proper party to this action. *See generally EMW Women's Surgical Center, P.S.C. v. Beshear*, 920 F.3d 421 (6th Cir. 2019) ("There must be 'a realistic possibility the official will take legal or administrative actions against the plaintiff's interests.' *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1048 (6th Cir. 2015) (citing *Deters*, 92 F.3d at 1415). General enforcement authority is insufficient. *Id.* (citation omitted).").

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Attorney General Russell Coleman's Motion to Dismiss **[R. 8]** is **GRANTED**; and

2. All claims against Attorney General Russell Coleman are **DISMISSED WITH PREJUDICE**.

This the 22nd day of May 2025.

Gregory F. Van Tatenhove
United States District Judge